IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AREZOU MANSOURIAN, ET AL., | No. C-05-80274 JSW Misc (EDL) |
| Plaintiffs, | **ORDER DENYING AS MOOT DEFENDANTS' MOTION TO COMPEL** |
| v. | |
| BOARD OF REGENTS OF THE UNIVERSITY OF CALIFORNIA, ET AL., | |
| Defendants. | |

**I. INTRODUCTION**

Defendants' Motion to Compel Deposition Testimony of Office of Civil Rights ("OCR") Representatives came on for hearing on January 31, 2006. Counsel for Defendants and the OCR appeared, as did counsel for Plaintiffs in the underlying action. For the reasons set forth below, the Court DENIES without prejudice Defendants' Motion to Compel.

**II. DISCUSSION**

Arguing that Plaintiffs had alleged that the OCR in effect whitewashed its investigation after initially finding discrimination, Defendants subpoenaed records and testimony from the OCR to ascertain the basis for Plaintiffs' contentions. For example, in their Complaint, Plaintiffs alleged that the OCR had "concluded that UC-Davis had discriminated against the women wrestlers by issuing the No Females Directives." Complaint ¶ 72. In her deposition, Plaintiff Mansourian also testified that after the original OCR investigator assigned to the case was replaced, the OCR assigned a new investigator who was "good friends" with a UC-Davis employee, and that the investigation stopped. See Memorandum of Points and Authorities in support of Defendants'

1  Motion to Compel ("Defendants' MPA"), Ex. H.  When the OCR declined to comply with the
2  subpoena, Defendants filed this Motion to Compel.  Although Defendants already had obtained
3  some documents through a Freedom of Information Act ("FOIA") request, they argued that the
4  documents were too heavily redacted to be of use and did not address some of the allegations made
5  by Plaintiffs.  The OCR opposed the Motion to Compel on a variety of grounds.  Plaintiffs joined in
6  opposing the request on the ground that the information sought was irrelevant.  Defendants also
7  agreed that the evidence was irrelevant, but argued that they should be allowed to pursue this line of
8  discovery if Plaintiffs planned on making the allegations about the OCR at trial.  Of course, if
9  Defendants are prevented from obtaining this discovery, it would be unfair to allow Plaintiffs to
10  introduce one-sided evidence regarding topics about which they sought to prevent Defendants from
11  obtaining potentially conflicting information.

12  This Court agrees with both Defendants and Plaintiffs, as well as the OCR, that the
13  documents and deposition testimony sought regarding the OCR's internal decision-making process
14  have very little, if any, relevance and are not likely to lead to the discovery of admissible evidence.
15  Ultimately, the OCR closed its investigation about the women wrestlers' complaints in view of the
16  University's agreement to undertake a voluntary resolution plan.  Defendants' MPA, Ex. H.  Thus, it
17  does not appear to this Court that the OCR made a determination one way or the other whether UC-
18  Davis had violated the law in the first place.  Furthermore, it appears unlikely that the trial court
19  would allow the trial to be sidetracked into a collateral dispute about the adequacy of the OCR's
20  investigation or decision-making, when it is ultimately up to the trier of fact to determine whether
21  the law was violated or not, if this matter does proceed to trial.

22  More importantly, the parties agree that the evidence is irrelevant to the merits of the case, so
23  it makes no sense to compel its production.  This is especially true given serious legal questions
24  regarding whether a motion to compel, rather than a separate action under the Administrative
25  Procedures Act, is a proper mechanism to pursue against the OCR in this case.  Cf. Exxon Shipping
26  Co. v. U.S. Dep't of Interior, 34 F.3d 774 (9th Cir. 1994); In re Recalcitrant Witness Boeh, 25 F.3d
27  761 (9th Cir. 1994).  Accordingly, the Court ascertained on the record in open court that the
28  Plaintiffs and Defendants agreed to stipulate that (1) the internal decision-making process of the

OCR that arguably could have been discovered through the depositions and the documents sought in Defendants' subpoena was irrelevant; (2) the official documents sent by the OCR to the parties closing the investigation (i.e., the letters issued by the OCR on May 31, September 27, October 2, and October 16, 2001, which are attached as Exhibits D, G, H and J to Defendants' MPA) speak for themselves; and (3) the parties will not seek to introduce any further evidence regarding the OCR's investigation or conclusions beyond the documents that already have been provided by the OCR or obtained through FOIA. Of course, they are free to argue about the implications of the documents.

**III. CONCLUSION**

In light of the parties' stipulation, the Court DENIES AS MOOT Defendants' Motion to Compel.

**IT IS SO ORDERED.**

Dated: February 2, 2006

ELIZABETH D. LAPORTE
United States Magistrate Judge

3